Cai v. Holder

BIA
Morace, IJ
A088 779 521

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MEI SHU CAI,
> *Petitioner,*

> v.                                    11-5206
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Yoram Nachimovsky, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Emily Anne
                       Radford, Assistant Director; Kohsei
                       Ugumori, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mei Shu Cai, a native and citizen of the People's Republic of China, seeks review of a November 15, 2011, decision of the BIA affirming the August 10, 2010, decision of Immigration Judge ("IJ") Philip L. Morace, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Shu Cai*, No. A088 779 521 (B.I.A. Nov. 15, 2011), *aff'g* No. A088 779 521 (Immig. Ct. N.Y. City Aug. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Credibility**

For asylum applications, like Cai's, governed by the amendments made to the Immigration and Nationality Act by

2

the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the inconsistencies between Cai's asylum application and her testimony, as well as her lack of corroborative evidence.

In finding Cai not credible, the IJ reasonably relied on the inconsistencies between her written statement and her description of her arrest in her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Liang Chen v. U.S. Att'y Gen*, 454 F.3d 103, 106-07 (2d Cir. 2006). Moreover, the IJ gave Cai an opportunity to reconcile her differing accounts, and reasonably declined to credit her explanation. *See Ming Shi*

*Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The BIA reasonably rejected the explanations that Cai presented upon appeal, namely, that there were problems with the translation of her written statement because she was not proficient in Chinese, and that she suffered from post-traumatic stress disorder, which affected her memory of her assault and detention. As the BIA noted, Cai's written statement contained a sworn certification of translation, and she swore to the contents of her asylum application. Furthermore, Cai presented no evidence, other than a statement by her attorney in the appeal brief, that she suffered from post-traumatic stress disorder. *See INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984) (an attorney's unsworn statements in a brief are not evidence); *see also Majidi*, 430 F.3d at 80-81.

The agency's adverse credibility finding was additionally based on Cai's failure to provide reasonably available corroborative evidence that she continued to

4

practice Jung Kong in the United States, and the BIA reasonably rejected Cai's contention upon appeal that the individuals with whom she practiced Jung Kong did not corroborate her claim because "they were afraid of involvement." *Cf. Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006). Because the IJ had already called Cai's credibility into question due to her inconsistencies, the agency did not err in relying on the lack of corroboration as further support for the adverse credibility finding. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the inconsistencies and lack of corroboration cited by the agency, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Furthermore, the adverse credibility determination regarding Cai's claim of persecution based on her practice of Jung Kong necessarily precludes success on that basis in her applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

**II. Burden**

Cai additionally argues that the agency erred in finding that she had not shown past persecution on account

5

of her Korean ethnicity in China, and further erred in concluding that she failed to establish a pattern or practice of persecution of Koreans in China.

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Cai testified that when she argued "with Chinese people" they would curse at her, and also that when she was "a little child" she was "bullied" by the Chinese. The agency did not err in concluding that this harm, taken in the aggregate, was not sufficient to rise to the level of persecution. *See id*.

Moreover, the agency did not err in finding that Cai did not demonstrate a pattern or practice in China of persecution of ethnic Koreans. *See* 8 C.F.R. § 208.16(b)(2)(i) (providing that an applicant shall not be required to show that she will be singled out individually for persecution if she establishes that there is a pattern

6

or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). While the country conditions evidence Cai submitted indicates that some discrimination against ethnic minorities persists in China, it does not show that any difficulties experienced by ethnic Koreans are severe or widespread enough to constitute a pattern or practice of persecution, as the evidence does not specifically discuss the treatment of ethnic Koreans. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (holding that where the agency's finding that an individual did not establish a pattern or practice of persecution is supported by background materials, the agency has provided a "sufficient basis" for its conclusion).

Because Cai did not establish past persecution or a pattern or practice of persecution, the agency did not err in denying her application for asylum and withholding of removal. Moreover, because her CAT claim was based on the same factual predicate, she similarly failed to meet her burden for that form of relief. *See Xue Hong Yang*, 426 F.3d at 522-23.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

7

is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk